# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN KYLE,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security<br><br>            Defendant. | 1:13-cv-318 GSA<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## **INTRODUCTION**

Plaintiff, Marvin Kyle ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his applications for supplemental security income ("SSI") benefits pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  (*See* Docs. 9 & 10.)

1

# BACKGROUND AND PRIOR PROCEEDINGS[2]

Born in 1969, Plaintiff has a high school diploma and holds a truck driving license. AR 78, 101. In the past, he worked primarily as a truck driver, but he also worked with his wife doing in home care part-time for a few months. AR 104. Plaintiff has been unable to work for several years due to degenerative disc disease, obesity, and a depressive disorder. AR 24. He suffers from pain in his back, knees, and ankles, and uses a wheelchair, walker and cane. AR 79, 109, 112. He also suffers from hallucinations. AR 72. Plaintiff has applied for social security benefits for several years.

On March 12, 2007, Plaintiff filed his first application for SSI. AR 356-362. A hearing on the claim was conducted on April 16, 2009. AR 44-73. On July 16, 2009, Administrative Law Judge ("ALJ") James Berry issued an unfavorable decision and determined that Mr. Kyle was not disabled. AR 161-174. Plaintiff filed an appeal of this decision with the Appeals Council. AR 228-231. On July 29, 2010, the Appeals Council granted the request for review, vacated the decision, and remanded for further administrative proceedings. AR 175-179.

A second administrative hearing was conducted on January 20, 2011. AR 74-96. On February 7, 2011, ALJ James Berry again issued an unfavorable decision and determined that Mr. Kyle was not disabled. AR 180-192. Plaintiff filed another appeal with the Appeals Council. AR 293-296. On July 18, 2011, the Appeals Council granted the request for review, vacated, and remanded for further administrative proceedings. AR 198-203. The Appeals Council order directed the ALJ to properly consider the treating opinion of Dr. Raypon. AR 40-41; 201-203.

A third administrative hearing was conducted on January 24, 2012. AR 97-142. On February 3, 2012, ALJ Christopher Larsen issued a third unfavorable decision and determined that Marvin Kyle was not disabled. AR 19-38. Mr. Kyle again filed an appeal with the Appeals

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Council. AR 17-18. The Appeals Council denied the request for review, rendering the order the final decision of the Commissioner.  AR 1-3.

## **THE DISABILITY DETERMINATION PROCESS**

To qualify for benefits under the Social Security Act, Plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is
> not only unable to do his previous work, but cannot, considering his age,
> education, and work experience, engage in any other kind of substantial gainful
> work which exists in the national economy, regardless of whether such work exists
> in the immediate area in which he lives, or whether a specific job vacancy exists
> for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability.  20 C.F.R. § 404.1520(a)-(f).  The ALJ proceeds step by step in order and stops upon reaching a dispositive finding that the claimant is disabled or not disabled.  20 C.F.R. § 404.1520(a)(4).  The ALJ must consider objective medical evidence and opinion testimony.  20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments,[3] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to

---

[3] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities.  *See* 20 C.F.R. § 404.1520(c).

3

perform his past relevant work,[4] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 404.1520(a)-(f).

### 1.     Summary of the ALJ's Findings and Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 16-24. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 12, 2007, the date of his application. AR 24. Further, the ALJ identified degenerative disc disease, obesity, and depression as severe impairments. AR 24. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 24.

Based on a review of the entire record, the ALJ determined that Plaintiff has the RFC to lift and carry ten pounds occasionally, and less than ten pounds frequently; to stand and walk two hours in an eight hour day; to sit for six hours in an eight hour day; and perform simple repetitive tasks. AR 25. Based on the RFC, the ALJ determined that Plaintiff could not perform her past relevant work, however, he could perform other work that exists in national economy. AR 31-32

### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a

---

[4] Residual functional capacity captures what a claimant "can still do despite [his] limitations." 20 C.F.R. § 404.1545. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## DISCUSSION

### 1.  The ALJ Properly Evaluated the Medical Evidence

Here, Plaintiff argues that the ALJ erroneously determined that Plaintiff was not disabled because he improperly considered the medical evidence. Specifically at issue is the ALJ's consideration of the opinion of Dr. Raypon M.D., Plaintiff's treating psychiatrist. Dr. Raypon, M.D. treated Plaintiff at the Madera Behavioral Center from October 2008 through October 2010.[5] AR 582-584; 586-589; 609-612; 615-631; 711-752-769.  On October 12, 2010, Dr. Raypon completed a "Mental Residual Capacity Questionnaire" in which he diagnosed Plaintiff with major depressive disorder with psychotic features, and noted decreased energy; difficulty thinking or concentrating; hallucinations or delusions; and paranoid thinking or inappropriate suspiciousness. AR 712-713. Dr. Raypon indicated Plaintiff could perform simple tasks, but had mild to moderate limitations in most other areas of work function such as the ability to: remember locations and work-like procedures; understand and remember detailed instructions;  maintain attention and concentration; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; interact with the public and tolerate stress; perform detailed tasks; maintain a schedule; and complete a workday. AR 714-715.  He also opined Plaintiff could miss as many as four days a month due to these symptoms, and that any increase in mental demands or changes in his environment could cause Plaintiff to decompensate. AR 715-716.  He further opined that Mr. Kyle's limitations would likely produce "good" and "bad" days. AR 715.

Plaintiff contends that the ALJ failed to give specific and legitimate reasons for rejecting

---

[5] Plaintiff continued to receive treatment at the Madera County Behavioral Health Center through December 2011. AR 796-811.

5

this opinion. In particular, Plaintiff argues that while the ALJ discusses the report, he does so incompletely with no mention of the fact that Dr. Raypon specifically noted that Plaintiff's absences from work were the result of the good/bad days that Mr. Kyle's severe impairment imposes on him. Moreover, because the vocational expert testified that Mr. Kyle's problems with regularly attending work would preclude his ability to work, the ALJ was required to articulate legally sufficient reasons to reject the opinion.

The Commissioner argues that the ALJ properly considered Plaintiff's mental impairment by considering the history of Plaintiff's treatment and thoroughly reviewing Dr. Raypon's report. Moreover, the ALJ provided specific and legitimate reasons for the conclusions he formulated regarding Dr. Raypon's opinion. Finally, there was no objective evidence to corroborate Dr. Raypon's opinion that Plaintiff would miss work. (Doc. 16, pgs. 4-7).

**(a)** *The Legal Standards*

Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians), (2) those who examine but do not treat the claimant (examining physicians), and (3) those who neither examine nor treat the claimant (non-examining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). When the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

The opinion of a non-examining physician cannot, by itself, constitute substantial

evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1456 (9th Cir. 1984). In some cases, however, the ALJ can reject the opinion of a treating or examining physician, based in part on the testimony of a non-examining medical advisor. *E.g., Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995). For example, in *Magallanes*, the Ninth Circuit explained that in rejecting the opinion of a treating physician, "the ALJ did not rely on [the non-examining physician's] testimony alone to reject the opinions of Magallanes's treating physicians . . . ." *Magallanes*, 881 F.2d at 752. Rather, there was an abundance of evidence that supported the ALJ's decision: the ALJ also relied on laboratory test results, contrary reports from examining physicians, and testimony from the claimant that conflicted with her treating physician's opinion. *Id.* at 751-52. Thus, the opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent, clinical findings or other evidence in the record. *Thomas v. Barnhart*, 278 F. 3d 947, 957 (9th Cir. 2002).

When a nontreating physician's opinion contradicts that of the treating physician-but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician-the opinion of the treating physician may be rejected only if the ALJ gives "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995); *Magallanes*, 881 F.2d at 751, 755 (quoting *Sprague v. Bowen*, 812 F.2d at 1230). Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it. *Andrews*, 53 F.3d at 1041. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof,

and making findings." *Magallanes*, 881 F.2d at 750, (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)). *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 600 - 601 (C.A.9 (Or.),1999). Where medical reports are inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d at 639, 642 (9th Cir. 1982) (quoting *Waters v. Gardner*, 452 F.2d 855, 858 n. 7 (9th Cir.1971)).

    *b.*    *Analysis*

The ALJ evaluated Plaintiff's psychological impairments and found that Plaintiff had mild restrictions in daily living and social functioning, but moderate difficulties in maintaining concentration, persistence, and pace. AR 25. In doing so, the ALJ summarized Plaintiff's psychological history and noted that Plaintiff's mental impairments improved with treatment. AR 25-30. He also noted that initial psychological evaluations while Plaintiff was in prison in 2005, revealed that Plaintiff was "evasive, vague, and [*sic*] inconsistent and resistant to interview" and exhibited "volitional intent to appear impaired" during a cognitive assessment. AR 26, 520, 522. At that time, the doctor diagnosed an adjustment disorder with mixed mood, rule out malingering for secondary gain. AR 522.

The ALJ also noted Plaintiff was evaluated by Dr. Michiel, a psychiatric consultative examiner in June 2009, in which Plaintiff reported depression since 1990, but denied any previous psychiatric hospitalizations. AR 543. At that time, Plaintiff admitted to hearing voices sometimes. AR 545. Dr. Michiel diagnosed Plaintiff with a depressive order, not otherwise specified. AR 545. He opined that Plaintiff could maintain attention and concentration, carry out simple repetitive job instructions, relate and interact with coworkers, supervisors and the general public, but could not carry out an extensive variety of technical or complex instructions. AR 545. The ALJ also noted that the state agency reviewing physicians all found Plaintiff's mental

impairment was nonsevere AR 28, 555-557, 569-570.

The ALJ considered Plaintiff's more recent mental health treatment from October 2008 to October 2010.  AR 27, 575-589, 609-631, 719-751, 681-702. The ALJ noted Plaintiff was diagnosed with major depression with psychotic features and prescribed Seroquel. AR 27, 583, 584, 586. By February 2009, Plaintiff reported "doing fine on Seroquel." AR 27, 588. One year later, on February 23, 2010, Plaintiff again reported doing all right with no side effects, and his cognitive functioning was unimpaired.  AR 27, 738. In particular, the ALJ noted that in September 2010, Dr. Paredes noted that Plaintiff denied depression. AR 25, 684. In August 2011, the Plaintiff's cognitive functioning as normal. AR 25, 792-793.

With regard to Dr. Raypon's opinion, the ALJ noted the following:

> … [A]fter a thorough review of the medical evidence of record, I find Mr. Kyle is not disabled due to his mental condition on the following grounds. Dr. Raypon's opinion expressed in a document entitled, "Mental Residual Functional Capacity Questionnaire," in fact does not include an assessment of Mr. Kyle's mental residual functional capacity. Pages 5-6 of Exhibit 9F merely set forth what SSA Form 4734 (our own Mental Residual Functional Assessment Form) characterizes as "Summary Conclusions" in Part I of the form.  They do not compromise the "Functional Capacity Assessment" which is Part III of the SSA Form 4734.  Even if they did, Dr. Raypon describes Mr. Kyle's limitations as "mild" or "moderate."  A "moderate" limitation, according to the definition set forth on the form Dr. Raypon completed, means "the individual is still able to function satisfactorily. (Exhibit 19F, pg. 6). I simply cannot infer from this definition of "moderate" that Mr. Kyle cannot function satisfactorily in any area.  Lastly, Mr. Raypon concludes Mr. Kyle is likely to miss more than four days of work per month. (Exhibit 19F, p. 7), a limitation which standing alone, would probably preclude Mr. Kyle from working.  However, I give little weight to this limitation for two reasons.  First, as discussed above, Dr. Raypon has opined that Mr. Kyle "is still able to function quite satisfactorily" in every mental ability he has considered.  Thus, a finding Mr. Kyle would miss more than four days of work per month is inconsistent with his more specific conclusions.   Second, Dr. Raypon acknowledges there is no physical impairment which contributes to, or causes, Mr. Kyle's mental health limitations (Exhibit 19F, p.3 question 6).  Thus, there

> is no basis for Dr. Raypon's conclusion that Mr. Kyle would miss more than four days from work per month. In fact, Dr. Raypon himself provides no assessment of Mr. Kyle's mental residual capacity. There is no such assessment anywhere in the medical evidence of record from any source other than the consultative examiner and the state agency doctors. AR 29.

Thus, the ALJ rejected the limitations outlined in Dr. Raypon's form because the form was not complete. Moreover, the moderate limitations assessed by Dr. Raypon were not disabling because the form used by Dr. Raypon indicated that having such difficulties would still allow the Plaintiff to function satisfactorily. AR 29, 714. As such, there was an inconsistency between the doctor's conclusion that Plaintiff would miss more than four days of work per month and the prior assessments made by the doctor. This rationale is a specific and legitimate basis to reject a treating doctor's opinion. *Batson v. Comm'r of the SSA*, 359 F. 3d 1196-1197 (9th Cir. 2004) ("The ALJ discounted the [treating physician's] view because it was in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of the [the plaintiff's medical condition.").

The Court is not persuaded by Plaintiff's argument that the ALJ analysis was not legitimate or specific because the ALJ did not mention the fact that his absences would have been the result of Mr. Kyle's good/bad days caused by his mental impairment. Here, the ALJ thoroughly reviewed the opinion, and went into considerable detail outlining the reason he was rejecting it. In doing so, the ALJ thoroughly reviewed and summarized the medical record, set forth his interpretation of conflicting medical evidence, and gave specific and legitimate reasons for rejecting the treating physician's opinion. Although the Court is sympathetic to the Plaintiff's medical condition, when the medical evidence is "susceptible to more than on rational interpretation, it is the ALJ's conclusion that must be upheld. *Burch v.Barnhart*, 400 F. 3d 767, 679 (9th Cir. 2005). Accordingly, the ALJ's assessment of the medical record is supported by substantial evidence.

///

///

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant, Carolyn W. Colvin, Commissioner of Social Security and against Plaintiff, Marvin Kyle.

IT IS SO ORDERED.

Dated:   **August 18, 2014**                       **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE